### Phelps Smith vs. Edmund Lamb, Jun.

That a decree of foreclosure of a mortgage, satisfied by payment, is no bar to a suit on the mortgage securities brought to recover a sum not included in said decree.

More especially if defendant's testimony prevented the same sum from being included in said decree.

THIS was an action of *Assumpsit*, decided in the County Court for the defendant, upon a statement of facts agreed to by the parties; exceptions were taken to the decisions, and the cause was brought up to this court for a revision of those decisions. The case agreed to was as follows: "Action of *assumpsit* upon two promissory notes, one dated October 14, 1818, for the sum of three hundred and fifty seven dollars and two cents, payable in two years from its date to the plaintiff or his order; the other of the same date, for the sum of fifty four dollars and forty five cents, payable to the plaintiff, or his order, in one year from its date. Plea *non assumpsit*, and issue joined to the court. The following facts were agreed to by the parties, and were offered in evidence by the defendant in bar of the action: (the plaintiff contending they constituted no bar to his recovery, and objected to their admission as evidence for that purpose; and the court overruled the objection.) That when said notes were given, a mortgage was also executed of certain lands in *Milton*, by the said *Edmund Lamb, jun.* to the said *Phelphs Smith*, to secure the payment of said notes—that afterwards, to wit, on the 20th day of September

Chittenden, Jan. 1829.

Smith vs. Lamb.

1819, the said *Phelps Smith* assigned said notes and mortgage to one *Bertram R. Nichols*—that on the 22d day of December, 1818, the said *Edmund Lamb, jun.* conveyed said mortgaged premises to *Samuel Holgate, jun.* deducting from the consideration the nominal amount of said notes—that after said notes fell due, *Nichols* brought his bill in chancery against the said *Samuel Holgate, jun.* to foreclose the equity of redemption which the said *Holgate* had to the said mortgaged premises—that *Holgate* in his answer to said bill, alleged usury ; and to prove it, relied upon the testimony of the said *Edmund Lamb, jun.* which was objected to by the orator, on account of the incompetency of the witness; but the objection was overruled by the court, and upon his testimony the court on the 30th day of December, 1826, made a decree against the said *Samuel Holgate, jun.* for the payment of the sum of three hundred twenty seven dollars and sixty eight cents only, which was less than said notes and interest could have been, by the sum of two hundred and forty dollars and thirty one cents. The decree has been satisfied by payment of the amount of it by the time limited therefor, and the present action is brought to recover the balance of said notes."

*Allen, for the plaintiff* contended, That the decree upon the mortgage securing these notes, was procured upon the testimony of the defendant, *Lamb*, in this suit; and now the question is, can that decree be pleaded in bar to a recovery upon these notes for the balance not paid ? The plaintiff contends that the decree is not a bar and cites 2 *Aik. R.* 138, *Nichols* vs. *Holgate.* No one ought in justice to be bound by a verdict, although a privy to it, when his adversary was not also a party, and consequently where the verdict may have been founded upon the evidence of that party himself.—1 *Starkie's Ev.* 186.—*Gilbert's Ev.* 30.—4 *Burrow,* 2251, *Abraham* vs. *Bann.* A person who could have received no prejudice from the verdict, had it been the contrary way, shall not derive any benefit from it, when it turns out in his favor.— 1 *Starkie*, 186, 196.—6 *Sch.* 466.—4 *B. & A.* 410, *Ward* vs. *Wilkinson.* A judgment operates by way of estoppel; and estoppels must be founded on mutuality.—1 *Starkie*, 186.

*Van Ness, for the defendant.* By the decree and the satis-

faction thereof, the *mortgage was dischar-*     Chittenden,  Jan, 1829.
*ged*, which could not have been the case,           ————————
except on the ground that the *debt was discharged*—the debt             Smith vs. Lamb.
being the principal, and the mortgage only collateral to it.    The
fact that *Edmund Lamb, jun.* was admitted as a witness to prove
usury in the case of the foreclosure, and the question whether
he was properly admitted by the court, have nothing to do with
this case.   A mortgagee may proceed in either, or both, of two
ways to obtain satisfaction—that is, by foreclosure and a suit on
the contract against the debtor ; the one is a proceeding against
the property, and the other against the person.    But a satisfaction
obtained either way is a bar to any further proceedings.    It can
make no difference in this case, that the bill of foreclosure was
between the assignee of the mortgagee and the assignee of the
mortgagor : it was a proceeding against the property, in which the
court had the power to ascertain and fix the sum for which the
property was holden, and such ascertainment of the sum, and the
payment thereof, is as much a bar to this suit, as if those pro-
ceedings had been between the orignal mortgagee and mortgagor.
No authorities are found directly in point, because, it is believed,
no suit has ever been brought on the principles of this case.——
But the following cases are in some measure analagous in princi-
ples.    Where different parties are liable on a bill or note, suits
may be commenced, and judgment taken against each of them, but
the satisfaction of one judgment discharges the others, except as
to costs : and where satisfaction is obtained on a judgment against
one, before judgments are obtained in the suits against the others,
those suits fall to the ground, and instead of the plaintiff's saving
his cost in them, the defendants even recover their costs.—*Cow-
en's N. Y. Justice*,115-16, 129-30.—*2 Mass.* 171.

HUTCHINSON, J, delivered the opinion of the court.    This ac-
tion comes up from the County Court upon a case agreed, and
has been argued upon a motion for a new trial, which will be found
necessary if the decision below was wrong; for, that decision being
for the defendant, the damages remain unliquidated.

The plaintiff has declared upon two notes given him by the de-
fendant, and the defence set up, and allowed by the county court,
was, that the notes were secured by a mortgage, and the plaintiff

Chittenden, Jan. 1829.

Smith vs. Lamb.

had assigned the notes and mortgage to one *Bertram R. Nichols,* and the defendant had assigned his equity of redemption to one *Holgate* : and *Nichols* had obtained a decree of foreclosure against *Holgate*; but *Holgate,* by his answer, had set up usury in his defence in part, and supported his answer, upon this point, by the testimony of this defendant, *Lamb,* and thereby rendered the sum decreed to be paid upon a redemption, less, by about two hundred and forty dollars, than the amount of the notes and interest. To recover that sum this action is brought. The defendant offered the above facts in his defence, adding thereto, that *Holgate* had paid the amount of the decree within the time limited therein, and thereby discharged the land from the incumbrance.

It seems the county court admitted this testimony, on the ground that the decree was binding upon all parties and privies, both with regard to the sum and the satisfaction. Had the court of chancery supposed this doctrine tenable, when the bill of foreclosure was before them, *Lamb* would not have been admitted to testify in that suit. He would have had an interest to throw off of himself, by his testimony, all that he threw off of *Holgate.* But, if his testimony in favor of *Holgate* tended, as the court then supposed, to leave due from the witness the sum for which he relieved *Holgate,* his testimony was against his interest. And, upon the question of policy in cases where the witness offered has placed his name to a note giving it credit, the court considered the case of *Walton* vs. *Shelby* overruled by the case of *Jordaine* vs. *Lashbrook et al.* But that decision, procured by the testimony of *Lamb,* can never be used in his favor. Reason and justice forbid it. Authorities will not warrant it. *Lamb* was not a party to that suit. He might have declined testifying because called to swear against his interest. But he claimed no excuse from that consideration. Had he been made a party to that bill of foreclosure, he could not have been a witness for the respondent. Had he been a party, and set up usury in his answer, he must have proved it by testimony *aliunde,* or it would have availed him nothing. The matter substantially drawn in issue in the chancery suit was, what sum formed an equitable lien upon the mortgaged premises ? This was ascertained: and upon that point, *Lamb* had

no interest, in reference to the title of the premises, as it then stood, or would stand after the decree.    Chittenden, Jan. 1829.

*Smith vs. Lamb.*

His apparent interest was to have the full amount of the notes included in the decree, and remain a lien upon the mortgaged premises, the title of which had wholly gone from him. If, under these circumstances, he would volunteer to testify for *Holgate*, and that when objected to by the orator, *Nichols*, as appears by the report of the case, he ought to pay the sum remaining due upon the notes.

A decree of foreclosure with or without satisfaction, or whether there be an actual redemption or not, is no bar to a suit upon the mortgage securities, otherwise than *pro tanto*. If there is no redemption, the orator obtains the land ; but that does not bar an action upon the notes secured by the mortgage. If the decree is satisfied, that is payment *pro tanto*, and no further. A pursuit to collect, after a decree of foreclosure, lays a foundation for opening the decree, if the mortgagor so elect ; but such pursuit is not prevented by the decree.

A new trial is granted ; and the action passes to the County Court for such trial.

*Allen*, for plaintiff.

*Van Ness*, for defendant.